[Civ. No. 2552.    First Appellate District.—November 12, 1918.]

## CRESCENT INVESTMENT COMPANY (a Corporation), Respondent, v. LAKE COUNTY INVESTMENT COMPANY (a Corporation), et al., Appellants.

PLEADING—DEMURRER TO ANSWER—EFFECT AS ADMISSION.—A demurrer to a separate defense in an answer setting up fraud is not an admission of the alleged acts of fraud, the admission made by a demurrer being merely for the purpose of testing a question of law, and binding upon the demurrant only in so far as a ruling upon the demurrer is concerned.

APPEAL from a judgment of the Superior Court of Lake County.    M. S. Sayre, Judge.

The facts are stated in the opinion of the court.

E. A. Freeman and F. J. Gordon, for Appellant.

Beverly L. Hodghead, for Respondent.

LENNON, P. J.—This is an appeal from a judgment rendered in favor of the plaintiff. The appeal is upon the judgment-roll alone.

The complaint asked for the foreclosure of a mortgage upon certain real property owned by the defendants. Defendants in their answer denied the execution of the note and mortgage and substantially all the material allegations of the complaint, and set up by way of separate defense certain alleged acts of fraud on the part of one of the directors and stockholders of the plaintiff company. The plaintiff demurred to this separate defense and the demurrer was sustained. Certainly if the plaintiff was a *bona fide* mortgagee and had advanced the money secured by the mortgage, the matters alleged in the separate defense would be immaterial in this foreclosure suit, and the demurrer was properly sustained. The questions of the execution of the mortgage and the consideration therefor were tried under the issues raised by the complaint and the denials thereof and the trial court found in favor of the plaintiff.

The appellants raise just one point upon their appeal, and we agree with the attorney for respondent, that the law applicable to that question would seem to require no ruling by an appellate court. Appellants contend that by demurring to the separate defense of the defendant, plaintiff thereby admitted all the alleged acts of fraud contained therein, and having so admitted such acts, it stands self-convicted of conduct which should bar it from any relief in a court of equity. Of course, the admission made by a demurrer is merely an admission for the purpose of testing a, question of law, and is only binding upon the demurrant in so far as a ruling upon the demurrer is concerned.

The judgment is affirmed.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 9, 1919.

Angellotti, C. J., Sloss, J., Melvin, J., Lawlor, J., and Lennon, J., concurred.